33 C.C.P.A.(Patents)

## Application of LAKE.

### Patent Appeal No. 5209.

Court of Customs and Patent Appeals.

June 11, 1946.

Sol Shappirio, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the claims (Nos. 18 and 19) in appellant's application for a patent for an alleged invention relating to a process of separating, by distillation, hydrocarbons, specifically, paraffins and olefins from aromatics in a catalytically reformed gasoline fraction.

Claim 18 is sufficiently illustrative of the appealed claims, the only difference being that it is broader in that it calls for the separation of paraffin and olefin hydrocarbons from aromatic hydrocarbons, whereas claim 19 is limited to the separation of paraffins and olefins from benzene, one of the aromatic hydrocarbons.

Claim 18 reads:

"18. A process for the treatment of a catalytically reformed gasoline fraction boiling over a range of about 150 and 200° F. to separate paraffins and olefins from aromatics which comprises distilling said fraction boiling between about 150 and 200° F. in the presence of a sufficient amount of acetone to vaporize the paraffins and olefins present with the acetone thereby leaving the aromatics in the residue substantially separated from the other hydrocarbons in the fraction."

The references are:

McKittrick, 2,162,963, June 20, 1939;

Haltermann (Br.), 513,566, published November 16, 1939;

Field, 2,212,810, August 27, 1940.

It appears from the record that it is difficult to separate hydrocarbons having "small differences in boiling points," and that appellant uses a sufficient amount of acetone which volatilizes the paraffins and olefins with the acetone, leaving the aromatics as a residue.

The claims were rejected by the Primary Examiner on the patent to Field in view of the patents to McKittrick and Haltermann, the examiner stating that the patent to Field discloses azeotropic distillation of a hydrocarbon fraction having a boiling point of 176° F. with a sufficient amount of acetone (the azeotrope former) to vaporize the paraffin (cyclohexane) present with the acetone, leaving as a residue the aromatic hydrocarbon—benzene. The examiner also stated that it did not require invention to separate aromatics, specifically benzene (called for by claim 19) from a gasoline fraction by a similar process; that the reference patents to McKittrick and Haltermann disclose the separation of aromatics from petroleum fractions, such as gasoline, "in the presence of an azeotrope

former"; that a catalytically formed gasoline is not vitally different from other gasolines which contain olefins and benzene; and that "The gasoline fractions from sources in this country will be substantially free from benzene and olefins unless catalyticallic [catalytically] reformed. The presence of olefins will necessitate that the oil be more closely fractionated, but McKittrick shows that the olefins and aromatics can be fractionated by azeotropic distillation."

In its decision affirming the decision of the Primary Examiner, the Board of Appeals stated that the addition of large quantities of acetone to the mixture of catalytically reformed gasoline forms an azeotropic mixture of paraffins and olefins having a different boiling point from that of the aromatic hydrocarbons, and that in the distillation process the paraffins and olefins volatilize with the acetone, leaving a residue which is practically a pure aromatic hydrocarbon. The board called attention to the fact that, as stated by the Primary Examiner, the patent to Field discloses azeotropic distillation of cyclohexane from benzene by the use of an azeotrope former (acetone), and stated that as cyclohexane is usually regarded as an aliphatic compound, it would not involve invention, especially in view of the disclosure in the patent to Haltermann, to use a similar process in azeotropic distillation of a catalytically reformed gasoline fraction, as called for by the appealed claims.

The board was of opinion that the patent to McKittrick was not an especially pertinent reference. Accordingly, we need not discuss it here.

The reference patent to Haltermann discloses a process for the recovery of aromatic hydrocarbons from mixtures of aliphatic, hydroaromatic and aromatic hydrocarbons by the use of "methanol, ethanol, furfurol, pyridine bases and the like." The patentee states that the hydrocarbons in petroleum tars "and synthetic hydrocarbon mixtures in most cases constitute mixtures of aromatic, hydroaromatic and aliphatic hydrocarbons," and that the aromatic hydrocarbons are the most valuable products of the group. (The aromatic hydro-

carbon referred to in the patent is benzene.) The patentee does not state that he uses acetone as an azeotrope former. He states, however, that the "methanol, ethanol, furfurol, pyridine bases and the like" have a "greater dissolving power for the aromatic hydrocarbons than for the hydroaromatic and aliphatic hydrocarbons."

Counsel for appellant concedes in his brief that "acetone is a better solvent for aromatics than it is for aliphatics."

(It may be said at this point that the patentee Haltermann does not mention the presence of olefins in his gasoline fractions. So, the most that the patentee discloses is that it is old to separate the aromatic from the hydroaromatic and aliphatic hydrocarbons by the use of azeotrope formers, although the patentee does not use acetone, the azeotrope former called for by the appealed claims.)

The difference between the disclosure in the Field patent and that alleged in appellant's application is that appellant's process is applied to a catalytically reformed gasoline fraction which includes olefins, whereas the patentee Field discloses the process of removing cyclohexane from an aromatic hydrocarbon (benzene) by the use of an azeotropic former (acetone).

That cyclohexane has the behavior of an aliphatic hydrocarbon, cannot be questioned. See Wertheim "Textbook of Organic Chemistry," page 394.

Counsel for appellant contends that neither the Field patent nor the patent to Haltermann shows the azeotropic distillation of a complex gasoline fraction containing olefins, and that, therefore, neither of those patents suggests the use of acetone in the azeotropic distillation of gasoline containing olefin hydrocarbons for the purpose of isolating aromatic hydrocarbons.

It is true that neither of those reference patents specifically refers to the presence of olefin hydrocarbons. However, it is not contended here by counsel for appellant that olefin hydrocarbons are not aliphatic hydrocarbons.

Aliphatic compounds include "unsaturated compounds, as the ethylene and acetylene series." The olefin hydrocarbon is a "member of the series of unsaturated

hydrocarbons of which ethylene is a type." See Webster's New International Dictionary, 1932.

The patentee Field clearly discloses the separation of cyclohexane, which has the behavior of an aliphatic hydrocarbon, from an aromatic compound (benzene) by distillation in the presence of an azeotrope former (acetone).

We think the patentee Field's disclosure of the use of acetone as an azeotrope former to separate cyclohexane from an aromatic compound (benzene) would clearly suggest to one skilled in the art that the use of acetone in the azeotropic distillation of a more complex reformed gasoline fraction containing olefins might be effective, and that to try out such a process and discover that it was successful would not involve invention.

We have given careful consideration to the arguments presented here by counsel for appellant, but are of opinion that the tribunals of the Patent Office reached the right conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.